**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SIMPLEAIR, INC., a Texas Corporation<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE INC., a Delaware Corporation<br><br>Defendant. | Civil Action No. 2:16-cv-388<br><br>**Jury Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

**Introduction**

1.  SimpleAir is an inventor-owned technology licensing company that holds eight issued U.S. Patents concerning wireless content delivery, mobile applications, and push notifications, including U.S. Patent Nos. 8,656,048 and 8,639,838, each entitled "System and Method for Transmission of Data." Defendant Google has infringed these patents by making and using the methods and systems claimed by the patents by developing, offering, operating, using, and putting into service the Google Cloud Messaging (GCM) service, Android Cloud to Device Messaging (C2DM) service, and Google Cloud Messaging for Chrome service to send push notifications to Android smartphones and tablets and Chromebooks. SimpleAir seeks reasonable royalty damages for patent infringement.

**The Asserted Patents**

2.  U.S. Patent No. 8,656,048 was issued on February 18, 2014. Claim 1 recites:

> 1. A method for transmitting data to selected remote computing devices comprising:
>   receiving data from one or more information providers, wherein each information provider comprises a provider of one or more related categories or subcategories of information;
>   parsing the data by one or more parsers, wherein parsing comprises breaking or dividing the received data into components whose content or format can be analyzed, processed, or acted upon;
>   building data blocks from the parsed data;
>   assigning addresses to the data blocks;
>   preparing the data blocks for transmission as messages to the selected remote computing devices;
>   transmitting the messages to the selected remote computing devices and notifying the selected remote computing devices of receipt of the received data whether the selected remote computing devices are online or offline to the information providers of the received data.

Ex. 1 ('048 patent), col. 32:20-38.

3. U.S. Patent No. 8,639,838 was issued on January 28, 2014. Claim 1 recites:

> 1. A system for transmitting data to selected remote computing devices comprising:
> a server system including:
> a first software subsystem configured to receive data from one or more information providers, wherein each information provider comprises a provider of one or more related categories or subcategories of information;
> one or more parsers configured to break or divide the received data into components whose content or format can be analyzed, processed, or acted upon;
> a second software subsystem configured to build data blocks from the parsed data, and to assign addresses to the data blocks;
> a third software subsystem configured to prepare the data blocks for transmission as messages to the selected remote computing devices;
> a transmission gateway for transmitting the messages to the selected remote computing devices for instantaneously notifying the selected remote computing devices of receipt of the received data whether the selected remote computing devices are online or offline to the information providers of the received data.

Ex. 2 ('838 patent) at 32:19-41.

4. Each patent has several dependent claims of relevance to Google, including Claim 30, which recites:

> 30. The system of claim 1 wherein the selected remote computing devices each have a least two viewers, and each viewer corresponds to a respective, different, specific information provider.

*Id.*, col 34:39-42; ex. 1 at 34:34-37 ('048 claim 30).

**No Res Judicata**

5. Neither of the '048 patent or the '838 patent recites a "data channel" limitation in any of its claims. Therefore the recent construction by the Federal Circuit of that limitation (and the phase "whether said devices are online or offline from a data channel associated with each device") in SimpleAir's '914 patent does not affect the construction (or preclude the assertion) of any claim of the '048 patent or the '838 patent. There is similarly no issue preclusion that would result from a final judgment in the more recently tried case concerning SimpleAir's '279 patent. In that case, Google made three non-infringement arguments. None of these arguments apply to the '048 and '838 patents because the claims of the '048 patent and '838 patent do not have the same claim language (i.e., the language in the claims of the '279 patent that Google's non-infringement arguments purported to invoke is not present in the claims of the '048 and '838 patents). And a finding of non-infringement of the '279 patent does otherwise preclude us from proving that Google infringes the '048 and '838 patents. *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1556 (Fed. Cir. 1996) ("In the case at bar it is not possible to show that the identical issue was presented in the sixteen patents that were not before the Michigan court, as in the five patents that were; for each patent, by law, covers a independent and distinct invention. Further, infringement must be separately proved as to each patent.").

6. In addition, Google cannot defeat this lawsuit under any theory of claim preclusion. "By statutory and common law, each patent establishes an independent and distinct property right…Each patent asserted raises an independent and distinct cause of action." *Id.* at 1555. "[N]ormally when patents are not included in a suit, they are not before a court, and while preclusion may attach to certain issues, causes of action based on patents that are not included in a suit are ordinarily not captured, and therefore precluded, by judgments that pertain to other patents…[C]laim preclusion does not apply to the '977 patent because that patent was not part of

3

the first lawsuit." *Abbey v. Mercedes Benz of N. Am., Inc.*, 138 F. App'x 304, 307 (Fed. Cir. 2005).

7. Accordingly, this case and these patents stand on their own. Moreover, the claims asserted in this complaint have merit.

## Jurisdiction and Venue

8. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§271 and 281, *et seq.* The Court has original jurisdiction over this patent infringement action under 28 U.S.C §1338(a).

9. Venue is proper in this Court because Google is responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and has delivered or caused to be delivered infringing services and products in the Eastern District of Texas. In addition, this Court has presided over prior matters concerning related patents and the same accused Google services:

- *SimpleAir, Inc. v. Microsoft Corporation, et al.*, 2:11-cv-416 JRG (E.D. Tex.), in which the Court presided over two trials between SimpleAir and Google in which the '914 patent was asserted against Google's GCM and C2DM services;

- *SimpleAir, Inc. v. Google Inc., et al.*, 2:14-cv-011 JRG (E.D. Tex.), in which the Court preside over a third trial in which the '279 patent was asserted against Google's GCM and C2DM services. Notably, in that trial Google called three third party witnesses, two of whom reside in New Hamphire, which is substantially closer to this District than any court in California.[1]

---

[1] This Court also presided over *SimpleAir, Inc. v. Amazon.com, Inc.*, case no. 2:14-cv-00679-JRG, in which the '838 patent was asserted, as well as other related SimpleAir patents.

**Plaintiff SimpleAir, Inc.**

10.  SimpleAir is a Texas corporation.

**Defendant Google Inc.**

11.  Google is a Delaware corporation with a principal place of business in Mountain View, California and various other offices and facilities of relevance throughout the country.

**First Claim for Patent Infringement ('048 patent)**

12.  Plaintiff incorporates by reference each of the allegations in paragraphs 1-11 above and further alleges as follows:

13.  On February 18, 2014, the United States Patent and Trademark Office issued U.S. Patent No. 8,656,048 (the '048 patent), entitled "System and Method for Transmission of Data." Ex. 1. Plaintiff SimpleAir, Inc. is the owner of the '048 patent with full rights to pursue recovery of royalties or damages for infringement of the patent, including full rights to recover past and future damages.

14.  Each claim of the '048 patent is valid and enforceable and patent eligible under section 101. The claims are technological and are not directed toward a law of nature, natural phenomenon, or an abstract idea. The claims address technological problems in various fields, including but not limited to the field of data transmission of online information. Moreover, the claims contain inventive concepts that further ensure the patent amounts to significantly more than a patent on any ineligible concept itself and do not purport to preempt the use of a mere idea or concept. The claims recite more than just well-understood, routine, or conventional activity. Significantly, this Court denied Google's section 101 challenge to SimpleAir's related '279 and '154 patents. 9/25/15 Order (dkt. 294) in *SimpleAir, Inc. v. Google Inc., et al.*, case no. 2:14-cv-00011-JRG. Similarly, the PTAB denied Google's section 101 challenge to SimpleAir's 914 patent. *Google Inc. v. Simple Air*, *Inc.*, CBM2014-001701, Paper 13 (Jan. 22, 2015) (Decision

Denying Institution of Covered Business Method Review).

15.     Defendant Google has directly infringed the claims of the '048 patent by making, using, operating, and putting into service the Google Cloud Messaging (GCM) service, Android Cloud to Device Messaging (C2DM) service, and Google Cloud Messaging for Chrome service to send push notifications to Android smartphones and tablets, and Chromebooks.  Google infringes numerous claims of the '048 patent, including independent claim 1.  An exemplary, non-limiting, infringement theory is provided below for reference.

*[preamble] "A method for transmitting data to selected remote computing devices comprising:"*

- In operating and providing the GCM, C2DM, and GCM for Chrome services (collectively, the "GCM service"), Google performs a "*method for transmitting data*" (GCM messages relating to applications and services on the Android devices and Chromebooks) "*to selected remote computing devices*" (the Android smartphones and tablets and Chromebooks, and their respective computing components).

*[a] "receiving data from one or more information providers, wherein each information provider comprises a provider of one or more related categories or subcategories of information;"*

- Google "*receiv[es] data*" (data transmissions sent over the HTTP, XMPP, or other connection to the GCM servers, and the constituent data—including both payload and non-payload data—contained within those transmissions) "*from one or more information providers*" (the Android and Chrome app providers, including Google itself, that interact with and make use of the GCM service).  The "*categories or subcategories of information*" provided by the app providers include news, sports, social media, messaging, weather, traffic, navigation and mapping, video, and other categories and subcategories of information related to or provided by or for the app

providers or their apps.

**[b] *"parsing the data by one or more parsers, wherein parsing comprises breaking or dividing the received data into components whose content or format can be analyzed, processed, or acted upon;"***

- Google "*pars[es] the data by one or more parsers*," including in the manner recited by the claim, using software programs and routines within the GCM servers (including at the Cloud Connection Server, GCM Frontend, GCM Backend, Kansas, Buzz router, and MCS (Mobile Connection Server)).

**[c] *"building data blocks from the parsed data;"***

- Google "*build[s] data blocks from the parsed data*" at the GCM servers (including at the Cloud Connection Server, GCM Frontend, GCM Backend, Kansas, Buzz router, and MCS).

**[d] *"assigning addresses to the data blocks;"***

- Google "*assign[s] addresses to the data blocks*" (at the GCM Backend, Kansas, Buzz router, and MCS, Google assigns addresses to the data blocks that allow their routing within the GCM and to the selected remote computing devices, including MCS IDs and endpoint addresses, and IP addresses).

**[e] *"preparing the data blocks for transmission as messages to the selected remote computing devices;"***

- Google "*prepares the data blocks for transmission as messages to the selected remote computing devices*" (including the data messages, including protocol buffers, prepared to be sent from the MCS to the Android devices and Chromebooks and their computing components).

*[f] "transmitting the messages to the selected remote computing devices and notifying the selected remote computing devices of receipt of the received data whether the selected remote computing devices are online or offline to the information providers of the received data."*

- Google "*transmit[s] the messages to the selected remote computing devices*" (the MCS sends the messages to the Android devices and Chromebooks and their computing components") and "*notif[ies] the selected remote computing devices of receipt of the received data*" (by virtue of the transmission itself and also by the automatic triggering of an interrupt or similar signal that the transmission causes within the devices).  Moreover, both the transmission and the notification are made by Google "*whether the selected remote computing devices are online or offline to the information providers of the received data*" (i.e., whether the Android devices and Chromebooks and their computing components are online or offline to the app provider from which data was received in step [a] above).

16. Moreover, any contention by Google that it personally does not perform any step or limitation of the '048 claims is not only incorrect but would also fail, in the alternative, because Google controls and directs the performance of all steps and limitations and would still be liable under the standard articulated in *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015).  *See also SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319 (Fed. Cir. 2010).

17. Google's infringement of the '048 patent has been and continues to be willful.  By virtue of the prior litigation between the parties and Google's research on the SimpleAir patent portfolio, Google has known of the '048 patent since its issue date, or soon thereafter, and Google knew of the application that led to its issuance prior to the issuance date.  Google has disregarded, and continues to disregard an objectively high likelihood that its actions infringe the '048 patent.  Google knew of the risk that its actions infringe the '048 patent, or at minimum the

risk was so obvious that Google would have known but for Google's willful blindness to the risk. Indeed, Google has not asserted any alleged prior art or other ground for invalidity or patent ineligibility—in the district court litigations or various unsuccessful IPR and CBM proceedings Google has filed against SimpleAir's related patents—that would invalidate the '048 claims. Nor has Google ever asserted any non-infringement theory that would plausibly negate a finding that Google infringes the '048 claims.

18. Plaintiff SimpleAir has been damaged by Google's infringement of the '048 patent and is entitled to compensatory damages for Google's infringement.

19. Plaintiff SimpleAir demands trial by jury of all issues relating to this claim.

### Second Claim for Patent Infringement ('838 patent)

20. Plaintiff incorporates by reference each of the allegations in paragraphs 1-11 above and further alleges as follows:

21. On January 28, 2014, the United States Patent and Trademark Office issued U.S. Patent No. 8,639,838 (the '838 patent), entitled "System and Method for Transmission of Data." Ex. 2. Plaintiff SimpleAir, Inc. is the owner of the '838 patent with full rights to pursue recovery of royalties or damages for infringement of the patent, including full rights to recover past and future damages.

22. Each claim of the '838 patent is valid and enforceable and is patent eligible under section 101. The claims are technological and are not directed toward a law of nature, natural phenomenon, or an abstract idea. The claims address technological problems in various fields, including but not limited to the field of data transmission of online information. Moreover, the claims contain inventive concepts that further ensure the patent amounts to significantly more than a patent on any ineligible concept itself and do not purport to preempt the use of a mere idea or concept. The claims recite more than just well-understood, routine, or conventional activity.

Significantly, this Court denied Google's section 101 challenge to SimpleAir's related '279 and '154 patents. 9/25/15 Order (dkt. 294) in *SimpleAir, Inc. v. Google Inc., et al.*, case no. 2:14-cv-00011-JRG. Similarly, the PTAB denied Google's section 101 challenge to SimpleAir's 914 patent. *Google Inc. v. Simple Air*, *Inc.*, CBM2014-001701, Paper 13 (Jan. 22, 2015) (Decision Denying Institution of Covered Business Method Review).

23. Defendant Google has directly infringed the claims of the '838 patent by making, using, operating, and putting into service the Google Cloud Messaging (GCM) service, Android Cloud to Device Messaging (C2DM) service, and Google Cloud Messaging for Chrome service to send push notifications to Android smartphones and tablets, and Chromebooks. Google infringes numerous claims of the '838 patent, including independent claim 1. An exemplary, non-limiting, infringement theory is provided below for reference.

**[preamble] "*A system for transmitting data to selected remote computing devices comprising*"**

- Google makes and uses a "*system for transmitting data*" (the collection of servers, databases, software, routers, and transmitters that constitute and operate together to provide the GCM, C2DM, and GCM for Chrome services (collectively, the "GCM system")) "*to selected remote computing devices*" (the Android smartphones and tablets and Chromebooks, and their respective computing components).

**[a] "*a server system including*"**

    **[i] "*a first software subsystem configured to receive data from one or more information providers, wherein each information provider comprises a provider of one or more related categories or subcategories of information;*"**

- The GCM system comprises a "*server system*" (including the Cloud Connection Server, GCM Frontend, GCM Backend, Kansas, Buzz router, and MCS (Mobile Connection Server)) and includes "*a first software subsystem configured to receive data from one or more information providers*" (the Cloud Connection Server, GCM

10

Frontend, and GCM Backend, each of which is configured to receive data transmissions sent over the HTTP, XMPP, or other connection to the GCM servers from one or more of the Android and Chrome app providers, including Google itself, that interact with and make use of the GCM service). The "*categories or subcategories of information*" provided by the app providers include news, sports, social media, messaging, weather, traffic, navigation and mapping, video, and other categories and subcategories of information related to or provided by or for the app providers or their apps.

*[ii] "one or more parsers configured to break or divide the received data into components whose content or format can be analyzed, processed, or acted upon;"*

- The GCM system includes "*one or more parsers configured to break or divide the received data into components whose content or format can be analyzed, processed, or acted upon*" (found in the software programs and routines within the GCM servers, including at the Cloud Connection Server, GCM Frontend, GCM Backend, Kansas, Buzz router, and MCS).

*[iii] "a second software subsystem configured to build data blocks from the parsed data, and to assign addresses to the data blocks;"*

- The GCM system includes "*a second software subsystem configured to build data blocks from the parsed data, and to assign addresses to the data blocks*" (found in the Cloud Connection Server, GCM Frontend, GCM Backend, Kansas, Buzz router, and MCS).

*[iv] "a third software subsystem configured to prepare the data blocks for transmission as messages to the selected remote computing devices;"*

- The GCM system includes "*a third software subsystem configured to prepare the data blocks for transmission as messages to the selected remote computing devices*"

11

(found in the GCM Backend, Kansas, Buzz router, and MCS, which prepare data messages, including protocol buffers, to be sent from the MCS to the Android devices and Chromebooks and their computing components).

***[b] "a transmission gateway for transmitting the messages to the selected remote computing devices for instantaneously notifying the selected remote computing devices of receipt of the received data whether the selected remote computing devices are online or offline to the information providers of the received data."***

- The GCM system includes *"a transmission gateway"* (the MCS) *"for transmitting the messages to the selected remote computing devices"* (the MCS sends the messages to the Android devices and Chromebooks and their computing components) and *"for instantaneously notifying the selected remote computing devices of receipt of the received data whether the selected remote computing devices are online or offline to the information providers of the received data"*: by virtue of the transmission itself and also by the automatic triggering of an interrupt or similar signal that the transmission causes within the devices, the Android devices and Chromebooks and their computing components are instantaneously notified of the receipt of the data; moreover, both the transmission and the instantaneous notification are made by Google whether the Android devices and Chromebooks and their computing components are online or offline to the app provider from which data was received.

24.   Moreover, any contention by Google that it personally does not make or use any component or limitation of the '838 claims is not only incorrect but would also fail, in the alternative, because Google controls and directs the making and using of all components and limitations and would still be liable under the standard articulated in *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015). *See also SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319 (Fed. Cir. 2010).

25. Google's infringement of the '838 patent has been and continues to be willful. By virtue of the prior litigation between the parties and Google's research on the SimpleAir patent portfolio, Google has known of the '838 patent since its issue date, or soon thereafter, and Google knew of the application that led to its issuance prior to the issuance date. Google has disregarded, and continues to disregard an objectively high likelihood that its actions infringe the '838 patent. Google knew of the risk that its actions infringe the '838 patent, or at minimum the risk was so obvious that Google would have known but for Google's willful blindness to the risk. Indeed, Google has not asserted any alleged prior art or other ground for invalidity or patent ineligibility—in the district court litigations or various unsuccessful IPR and CBM proceedings Google has filed against SimpleAir's related patents—that would invalidate the '838 claims. Nor has Google ever asserted any non-infringement theory that would plausibly negate a finding that Google infringes the '838 claims.

26. Plaintiff SimpleAir has been damaged by Google's infringement of the '838 patent and is entitled to compensatory damages for Google's infringement.

27. Plaintiff SimpleAir demands trial by jury of all issues relating to this claim.

**WHEREFORE**, Plaintiff prays for judgment as follows:  (a) compensatory damages for Google's infringement of the '048 patent and the '838 patent; (b) a declaration that Google's infringement is willful and that SimpleAir is entitled to enhanced damages, reasonable costs, and attorneys' fees; (c) a declaration that this case is exceptional; (d) pre-judgment interest; and (e) for such other relief as justice requires.

Date:   April 8, 2016                                              Respectfully submitted,

By: /s/ *Jeff Eichmann*
John Jeffrey Eichmann
CA State Bar No. 227472
(admitted to practice before the U.S. District
Court for the Eastern District of Texas)

13

Email: jeff@dovel.com
Simon Franzini
CA State Bar No. 287631
(admitted to practice before the U.S. District
Court for the Eastern District of Texas)
Email: simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

S. Calvin Capshaw
State Bar No. 03783900
Email:  ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email:  ederieux@capshawlaw.com
Capshaw DeRieux LLP
114 E. Commerce
Gladewater, Texas 75647
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787
ATTORNEYS FOR PLAINTIFF
SIMPLEAIR, INC.